Olivia M. Gross, Esq.
Newman Fitch Altheim Myers, P.C.
14 Wall Street, 22nd Floor
New York, New York 10005-2101
212-619-4350 – Telephone
212-619-3622 – Fax
e-mail: ogross@nfam.com

------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOAN SCHWARZ,

      Plaintiff,

- against -

FED EX KINKO, INC

      Defendant.
------------------------------------------------------------x

ECF CASE

08 Civ. 6486 (HB) (THK)

**ANSWER**

**TRIAL BY JURY DEMANDED**

Defendant, FEDEX KINKO'S OFFICE and PRINT SERVICES, INC. i/s/h/a FED EX KINKOS, INC. (hereinafter "FedEx Office"), having its principal place of business at Three Galleria Tower, 13155 Noel Road, Dallas, Texas 75240, by its attorneys, NEWMAN FITCH ALTHEIM MYERS, P.C., answering plaintiff's verified complaint respectfully alleges upon information and belief as follows:

  1.  Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of plaintiff's complaint.

  2.  Denies the allegations in paragraph 2.

  3.  Denies the allegations in paragraph 3.

4. Denies each and every allegation contained in paragraph 4 and of plaintiff's complaint except admits that FedEx Office subleased a portion of retail space located at 221 West 72nd Street, New York, New York (hereinafter "premises").

5. Denies each and every allegation contained in paragraph 5 of plaintiff's complaint except admits that FedEx Office subleased a portion of retail space located at 221 West 72nd Street, New York, New York, (hereinafter "premises").

6. Denies each and every allegation contained in paragraph 6 of plaintiff's complaint except admits that FedEx Office maintained certain retail space at the aforesaid premises and refers all questions of law, fact and/or conclusions raised therein to the court for determination.

7. Denies each and every allegation contained in paragraph 7 of plaintiff's complaint except admits that FedEx Office maintained certain retail space at the aforesaid premises and refers all questions of law, fact and/or conclusions raised therein to the court for determination.

8. Denies each and every allegation contained in paragraph 8 of plaintiff's complaint except admits that FedEx Office maintained certain retail space at the aforesaid premises and refers all questions of law, fact and/or conclusions raised therein to the court for determination.

9. Denies each and every allegation contained in paragraph 9 of plaintiff's complaint except admits that FedEx Office maintained certain retail space at the aforesaid premises and refers all questions of law, fact and/or conclusions raised therein to the court for determination.

10. Denies each and every allegation contained in paragraph 10 of plaintiff's complaint except admits that FedEx Office maintained certain retail space at the aforesaid premises and refers all questions of law, fact and/or conclusions raised therein to the court for determination.

11. Denies each and every allegation contained in paragraph 11 of the plaintiff's complaint and respectfully refers all questions of law, fact and/or conclusions raised therein to the Court for determination.

12. Denies the allegations in paragraph 12.

13. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of plaintiff's complaint.

14. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of plaintiff's complaint.

15. Denies the allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Denies each and every allegation contained in paragraph 18 of the plaintiff's complaint and respectfully refers all questions of law, fact and/or conclusions raised therein to the Court for determination.

19. Denies the allegations in paragraph 19.

## DEFENSES

### AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

20. If the injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of the plaintiff, and if any damages are recoverable against this defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

### AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

21. Any and all risks, hazards, defects and damages alleged are of an open, obvious and apparent nature and inherent and known or should have been known to the plaintiff herein, and the plaintiff willingly and voluntarily assumed all such risks, hazards, defects and dangers. If it is determined that plaintiff assumed the risk, this answering defendant pleads said facts in diminution of damages in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused damages and/or as a complete bar to plaintiff's claims.

### AS AND FOR A THIRD, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

22. That in the event of any judgment or verdict on behalf of the plaintiff, the defendant is entitled to a set-off or verdict with respect to the amounts of any payments made to the plaintiff for medical and other expenses prior thereto from collateral sources.

### AS AND FOR A FOURTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

23. If the injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the complaint, such damages and injuries are attributable, in whole or in part to the culpable conduct of third-parties, and if any damages are recoverable against this defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to third-parties bears to the culpable conduct which caused the damages.

### AS AND FOR A FIFTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

24. The law of the State of New York should be applied to this case on the issue of liability.

### JURY DEMAND

25. Defendant hereby demands trial by jury.

WHEREFORE, the answering defendant, demands Judgment:

1. Dismissing the Complaint of the plaintiff;

2. For contribution or indemnification against third-parties;

3.      For costs and disbursements against adverse parties; and

4.      For such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       July 21, 2008

       Yours, etc.,

NEWMAN FITCH ALTHEIM MYERS, P.C.
Attorneys for Defendant
FEDEX KINKO'S OFFICE and PRINT
 SERVICES, INC. i/s/h/a FED EX KINKOS, INC.

/s/ Olivia M. Gross
OLIVIA M. GROSS [OMG 6008]
14 Wall Street – 22nd Floor
New York, New York 10005
(212) 619-4350

TO:
SALZMAN & WINER, LLP
Attorneys for Plaintiff
305 Broadway – Suite 1204
New York, New York 10007
(212) 233-6550

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ss.:
COUNTY OF NEW YORK   )

BETH JAFFE, being duly sworn, deposes and says:

I am not a party to this action, I am over 18 years of age and I reside in Queens County, New York.

On July 21, 2008, I served the within **ANSWER** upon the parties listed below at the addresses designated by said party for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

TO:
SALZMAN & WINER, LLP
Attorneys for Plaintiff
305 Broadway – Suite 1204
New York, New York 10007
(212) 233-6550

_____
BETH JAFFE

Sworn to before me this
21st day of July, 2008

_____
Notary Public
Olivia M. Gross
Notary Public, State of New York
No. 02GR4860934
Qualified in Nassau County
Commission Expires May 5, 2010